UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    2:14-cr-20-FtM-29CM

LORENZO D. HOOD

_____

**OPINION AND ORDER**

On October 20, 2014, United States Magistrate Judge Carol Mirando submitted a Report and Recommendation (Doc. #126) to the Court recommending that Defendant's Motion for Pre-Trial Suppression Hearing (Doc. #103) be denied.  Defendant filed an Objections to Report and Recommendation (Doc. #127) on November 3, 2014.  The transcript of the evidentiary hearing (Doc. #128) was filed on December 2, 2014. For the reasons set forth below, the objections are overruled and the Motion to Suppress is denied.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>United States v. Powell</u>, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b)(1).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).  A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness.  Powell, 628 F.3d at 1256-58.

## II.

Defendant seeks suppression of firearms and ammunition observed during a protective sweep and subsequently seized pursuant to a search warrant.  Defendant objects to the finding by the magistrate judge that the protective sweep was lawful because, he argues, the officers had no basis to believe anyone other than defendant was in the house, the officers should not have taken him back into the house, and the officers could have simply left the scene after defendant was in custody instead of creating a situation calling for a protective sweep.  After reviewing the Report and Recommendation, the transcript of the evidentiary hearing, and the exhibits, as well as the submissions by the

parties, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge.

The magistrate judge first rejected defendant's factual argument that he was first secured by the officers outside the house, specifically stating she "finds credible the officers' testimony that Defendant was first secured inside." (Doc. #126, p. 9, footnote omitted.)  After a full review, the Court agrees with this factual finding.  Thus, this is not a case where officers removed defendant from a residence and then brought him back inside in order to conduct a protective sweep.

The Court also agrees that the entry into defendant's residence to execute the arrest warrant was lawful.  Once lawfully in the house, "[l]aw enforcement officers are permitted, in the context of a valid arrest, to conduct a protective sweep of a residence for officers' safety." United States v. Yeary, 740 F.3d 569, 579 (11th Cir. 2014), petition for cert. filed, No. 14-5258 (U.S. Jul. 2, 2014).  As the magistrate judge correctly stated, the key issue then becomes "the legality of the protective sweep performed by the officers either simultaneous with, or immediately after, Defendant's arrest in his home . . ." (Doc. #126, p. 11.)  The Court agrees with the magistrate judge's findings and analysis as to this issue, and finds the protective sweep to have been lawful.  Accordingly, the Court will adopt the Report and Recommendation and will deny the motion to suppress.

-3-

Accordingly, it is now

**ORDERED:**

1.   The Magistrate Judge's Report and Recommendation (Doc. #126) is **accepted and adopted,** and it is specifically incorporated into this Opinion and Order.

3.   Defendant's Objection to Report and Recommendation (Doc. #127) is **overruled.**

2.   Defendant's Motion for Pre-Trial Suppression Hearing (Doc. #103) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of December, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
Counsel of Record
DCCD